UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-6084-SNOW

UNITED STATES OF AMERICA

vs.

ALEXANDER JOHNSON,

      Defendant.
_____/

## DETENTION ORDER

On April 3, 2014, this Court held a hearing pursuant to Title 18, United States Code, Section 3142(f) to determine whether Defendant, Alexander Johnson, should be detained prior to trial. The Government sought to detain Defendant on the ground that he presents a danger to the community. *See* 18 U.S.C. § 3142(e). Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), the Government's proffer, the testimony of the law enforcement agent, and Defendant's testimony, this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person or the community if Defendant is released prior to trial. Therefore, this Court orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

    1.    Defendant is charged by complaint with violating Title 18, United States Code, Section 2422(b), enticement of a minor for sexual activities. If convicted, Defendant faces a 10-year minimum mandatory sentence.

2. Based on the nature of the charged offense, there is a rebuttable presumption under 18 U.S.C. § 3142(e)(3)(E) that Defendant poses a danger to the community and a risk of flight.

3. The weight of the evidence is substantial. The Government proffered evidence at the detention hearing to establish probable cause that Defendant enticed a twelve (12) year old minor into a sexual relationship by using a means of interstate commerce, in violation of 18 U.S.C. § 2422(b).

a. The Government proffered that in July of 2012, M.M., the minor victim in this case, told law enforcement that she first met the defendant at the Precision Martial Arts studio in Boca Raton, Florida, where Defendant was a teacher. M.M. stated that she had forgotten her poetry notebook at the martial arts studio and Defendant found it and read her writings. Defendant subsequently approached M.M. and told her that he could help her get her poetry published and gave M.M. his phone number. Thereafter, M.M. and Defendant spoke on the phone three to four times per week and exchanged text messages.

b. M.M.'s mother ultimately discovered the inappropriate contact between Defendant and M.M. and sought an Injunction for Protection against Dating Violence, which was issued by Judge Reginald Corlew, Circuit Court Judge, Fifteenth Judicial Circuit in Palm Beach County, Florida, on July 23, 2012. Despite the Injunction, Defendant continued to contact M.M. via text messages, thus violating the injunction within two months.

c. M.M. further admitted to law enforcement that in February 2011, she had sexual intercourse with Defendant at the martial arts studio. At the time, M.M. was twelve (12) years old. M.M. stated that she went into the bathroom of the karate studio where Defendant started

2

kissing her. Defendant used his cellular phone to instruct M.M. where to meet him. Once M.M. was inside the bathroom Defendant proceeded to have sexual relations with M.M.

  d. On December 27, 2012, in the presence of law enforcement, M.M. sent Defendant a text message. Defendant responded to M.M.'s text message. M.M. then asked Defendant to call her. Defendant called M.M. and then sent M.M. a photo, which M.M. positively identified as Defendant.

  e. M.M. also advised law enforcement that she and Defendant had exchanged naked photographs at Defendant's request.

  5. As a teacher, Defendant was in a position of power over the victim.

  6. The facts proffered by the Government were confirmed by Special Agent Daniel Johns, who testified at the detention hearing.

Based on the above findings of fact, this Court finds by clear and convincing evidence that Defendant poses a danger to the community, and that Defendant has not overcome the presumption under 18 U.S.C. § 3142(e)(3)(E).

The Court hereby directs that:

  i. Defendant be detained without bond;

  ii. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

  iii. Defendant shall be afforded reasonable opportunity for private consultations with his counsel;

      iv.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined, deliver Defendant to a United States Marshal for the purpose of appearance in connection with court proceedings.

Defendant may, after notice to the Government, seek reconsideration of this order based on additional evidence that Defendant may choose to present to this Court.

**DONE AND ORDERED** in Fort Lauderdale, Florida on April 4, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record
        Pretrial Services