UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-60074-CR-ROSENBERG

UNITED STATES OF AMERICA,

 *Plaintiff*,

v.

ALEXANDER JOHNSON,

 *Defendant*.

_____/

OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

  The Defendant, ALEXANDER JOHNSON, through counsel files these his Objections to the Presentence Investigation Report and states the following:

  Mr. Johnson requests that the following information be included in the following enumerated paragraphs of the Presentence Investigation Report:

  Paragraph 8: On July 9, 2011 the witness gave a sworn statement to the Boca Raton Police Department. In the sworn statement the witness explained that Mr. Johnson never told him that he had sexual intercourse or physical contact with M.M.  The witness then provided a text message sent to him by Mr. Johnson explaining that the relationship was never physical, but only emotional.

  Paragraph 9:  During the July 10, 2012 video recorded interview M.M. claimed that she had never engaged in any type of inappropriate sexual contact with Johnson. She did, however, describe an incident where as they passed each other in the martial arts studio, Johnson initiated a kiss on her lips. Johnson then reported the incident to the owner of the studio. The

police report summarizing the contents of that interview does not reflect the conversations between M.M. and Mr. Johnson containing graphic sexual language.

Paragraph 10: During the course of a "family intervention" on the morning of July 14, 2012 M.M. admitted to her mother that she had had sex with Mr. Johnson. Later that day M.M. told a Boca Raton Police Department investigator that she and Johnson had consensual sex and Johnson was wearing a condom at the time. Based upon her admission a follow up forensic interview was scheduled to be conducted with representatives of the child protection team. During the course of that video recorded interview conducted on July 23, 2012 M.M. stated that she only admitted to having sex with Mr. Johnson because her parents pressured her into saying it. She further advised the interviewers that she felt threatened during the family intervention because her father was sitting next to her holding a pair of scissors and threatening to cut her hair off. During this interview M.M. reiterated that the only physical contact between her and Johnson was a kiss on the lips although in this statement she contended that she initiated the kiss.

Paragraph 24: On or about December 11, 2012, M.M. communicated with Mr. Johnson's roommate in Tennessee asking him to provide her with Mr. Johnson's new phone number so that she could make contact with him.

With regard to Paragraph 31 and 32, Mr. Johnson respectfully reserves the right to present information addressing these matters if in fact restitution becomes an issue that will have to be decided by this Court.

Mr. Johnson objects to the following paragraphs of the presentence investigation report:

Paragraph 55 incorrectly reflects that Johnson provided alcohol to underage individuals. All related charges were dismissed because Johnson did not provide alcohol as alleged.

Paragraph 75 should be corrected to the extent that it reflects that Mr. Johnson's son is named Alixander. Moreover, April Odom and Mr. Johnson remain on good terms contrary to any other inference or suggestion set forth in this paragraph.

Paragraph 81 should be amended to reflect that the adult facility referred to is the Middle Tennessee Mental Health facility in the greater Nashville area. The juvenile facility is the Crockett Academy.

Paragraph 123 should be amended to reflect that it does not apply to his son.

Respectfully submitted,

LAW OFFICES OF
JOHN E. BERGENDAHL
25 Southeast 2nd Avenue, #1100
Miami, Florida 33131
Telephone: (305) 536-2168
Facsmile: (305) 536-2170
Email: lojeb1100@gmail.com

By:     */s/ John E. Bergendahl*
        John E. Bergendahl
        Florida Bar No. 327761

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF system with the Clerk of Court and electronic copies furnished to all counsel of record this 9th day of January, 2015.

By: */s/ John E. Bergendahl*
John E. Bergendahl